UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RPM ECOSYSTEMS ITHACA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 4:09-CV-01512-CEJ |
| LOVELACE FARMS, INC., WAYNE LOVELACE and JUDY LOVELACE, | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' RESPONSE TO MOTION TO WITHDRAW AND REQUEST FOR STATUS CONFERENCE

In response to the Motion to Withdraw (Dkt. #34) filed by Husch Blackwell LLP, Defendants, through their counsel, state as follows:

1. This Court issued an Order on April 27, 2012 directing Plaintiff to file a status report on Plaintiff's bankruptcy proceedings and whether the stay of this action should be lifted. *See* Order (Dkt. 33).

2. Plaintiff has failed and refused to file the status report as directed by this Court. Plaintiff has also purportedly failed and refused to respond to inquiries from Plaintiff's own counsel of record. In the Motion to Withdraw, Plaintiff's counsel states he has apparently lost contact with the Trustee for the bankruptcy estate, Mary L. Fangio, a lawyer with the law firm Whitelaw & Fangio in Syracuse, New York.

3. In the face of this lack of communication, Plaintiff's counsel now seeks leave to withdraw, although it offers no explanation as to whom will replace it as counsel of record for Plaintiff in this action.

4. Plaintiff, a limited liability company, must be represented by counsel to proceed

**EXHIBIT A**

in this matter, but Plaintiff has not caused substitute counsel to enter an appearance on its behalf. "Generally, parties are able to represent themselves pro se. See 28 U.S.C. § 1654. But the Eighth Circuit has held that § 1654 does not apply to corporations. This interpretation 'reflects the ancient common law tradition' that a corporation can only appear in court with an attorney. The rule requiring corporations to be represented by an attorney applies to limited liability companies ...." *See Native American Council of Tribes v. Weber*, Civ. No. 09-4182-KES, 2011 WL 1842768 (May 12, 2011, D. South Dakota)(citations omitted).

5. While Defendants do not object to the withdrawal of Husch Blackwell LLP as counsel of record for Plaintiff, Defendants request that the Court order a status conference to be held at the earliest opportunity in this action and require Plaintiff's representative, Mary Fangio (the Chapter 7 Trustee appointed in Plaintiff's bankruptcy case) to appear at the status conference.

6. In Plaintiff's last status report, dated October 14, 2011, Plaintiff reported that the Bankruptcy had been converted to Chapter 7, which, following the planned Section 363 sale of assets, would lead to the resolution of "most, if not all, of the matters currently pending before this Court." Plaintiff's Status Report (Dkt. #32).

7. Upon information and belief, with respect to the Section 363 sale referred to in Plaintiff's last status report, Defendants believe that Plaintiff was referring to a potential sale by the Trustee of RPM Holdings, LLC's[1] interest in the root production method intellectual property (including its license under the '775 patent, which is the patent that is the subject of both Plaintiff's patent claim and Defendant Lovelace Farms, Inc.'s patent claim). Defendants

---

[1] RPM Holdings was the licensee under the Master License Agreement regarding U.S. Patent 7,308,775 ("the '775 patent"). Plaintiff RPM Ecosystems received a sublicense from RPM

2

understand that such a sale did not occur. Instead, the debtor's secured lender, Chemung Canal Trust Company ("Chemung"), sold RPM Holdings, LLC's interest in the root production method intellectual property pursuant to Article 9 of the New York Commercial Code in June 2012 to Wayne and Judy Lovelace. The status of the issues that Plaintiff reported were to be resolved by the 363 sale, including the matters currently pending before this Court, is not known by Defendants and cannot be determined from the pleadings of record in the bankruptcy case.

8. Accordingly, ordering a status conference and requiring Trustee Fangio to appear will enable the Court to determine "the status of plaintiff's bankruptcy proceedings and … whether the stay in this action should be lifted." Order (Dkt. #33).

9. Trustee Fangio may be contacted at:

Mary Lannon Fangio
Whitelaw & Fangio
247-259 W. Fayette St.
Syracuse, NY 13202
(315) 472-7832
Fax : (315) 472-7816
Email: mary@fangiolaw.com

WHEREFORE, Defendants consent to the Motion to Withdraw and request an order of the Court setting a status conference with the Trustee of the bankruptcy estate at the earliest opportunity.

---

Holdings.

3

Respectfully submitted,


BY:  /s/ Nicholas B. Clifford, Jr.
Nicholas B. Clifford, Jr. #44477MO
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
(314) 621-5070
(314) 621-5065 (Facsimile)
nclifford@armstrongteasdale.com

ATTORNEYS FOR DEFENDANTS
LOVELACE FARMS, INC., WAYNE
LOVELACE and JUDY LOVELACE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of June 2012, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

In addition, the undersigned served via certified mail a true and accurate copy of the foregoing on:

    Mary Lannon Fangio
    Whitelaw & Fangio
    247-259 W. Fayette St.
    Syracuse, NY 13202
    (315) 472-7832
    Fax : (315) 472-7816
    Email: mary@fangiolaw.com
    Chapter 7 Trustee

    Lee E. Woodard
    Harris Beach PLLC
    333 West Washington Street
    Suite 200
    Syracuse, NY 13202
    (315) 423-7100
    Fax : (315) 422-9331
    Email: bkemail@harrisbeach.com
    Special Counsel for Chapter 7 Trustee

                                            /s/ Nicholas B. Clifford, Jr.