UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RPM ECOSYSTEMS ITHACA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1512 (CEJ) |
| ) | |
| LOVELACE FARMS, INC., et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's objections to exhibits. [Doc. #108]. Defendants have filed a response and supplemental declaration. [Doc. #118].

On March 30, 2015, defendants filed their memorandum in opposition to plaintiff's motion for partial summary judgment. Their memorandum was supported by 33 exhibits and the declaration of counsel Jessica M. Mendez. [Doc. #100]. Plaintiff argues that the majority of the exhibits should be excluded.[1]

Plaintiff argues that exhibits submitted in support of or opposition to summary judgment must be properly authenticated, and that a party's outside counsel cannot properly authenticate a client's documents. This position is consistent with Fed. R. Civ. P. 56 as it existed before 2010. See Stuart v. Gen. Motors Corp., 217 F.3d 621, 636 (8th Cir. 2000) ("To be considered on summary

---

[1]Exhibits 5, 6, 8, 9, 11, 12, 14, 15, 17-22, 24, 26, 27, and 29-32 are invoices from defendants' business records which were produced in response to plaintiff's discovery requests. Exhibit 3 is an email from defendants' corporate representative Kim Young to plaintiff's P.J. Marshall. Exhibit 4 is a memorandum drafted by Young to defendants' employees. Exhibit 13 is a list of defendants' 2007 customer transactions.

judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered.") However, Rule 56 was amended in 2010. Under amended Rule 56(c), a party "may object that the material cited to support or dispute a fact <u>cannot be presented in a form that would be admissible in evidence</u>." Fed.R.Civ.P. 56(c)(2) (emphasis added). When such an objection is made, the burden is on the proponent of the evidence to show that the material is admissible as presented or to explain the admissible form that is anticipated. <u>Gannon Int'l, Ltd. v. Blocker</u>, 684 F.3d 785, 793 (8th Cir. 2012) (<u>citing</u> Rule 56 advisory committee's note). "[T]he standard is not whether the evidence at the summary judgment stage would be admissible at trial — it is whether it could be presented at trial in an admissible form." <u>Id.</u> (<u>citing</u> Rule 56(c)(2)).

In response to plaintiff's objection, defendants submit the declaration of corporate representative Kimberly Young. Def. Ex. A [Doc. #118-1]. Ms. Young's declaration adequately establishes that the challenged evidence can be presented at trial in an admissible form.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objections to exhibits [Doc. #108] are **overruled**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2015.