UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RPM ECOSYSTEMS ITHACA, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    No. 4:09-CV-1512 (CEJ) |
| | ) |
| LOVELACE FARMS, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendants Wayne and Judy Lovelace to dismiss plaintiff's patent infringement claims, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

### I. Background

The factual background of the parties' dispute is set forth in more detail in the Memorandum and Order entered on June 11, 2015. [Doc. #126]. In this action, plaintiff RPM Ecosystems Ithaca, LLC, alleges that defendants Lovelace Farms, Inc., and its owners Wayne and Judy Lovelace infringed an exclusive license issued to plaintiff. Specifically, plaintiff alleges that the defendants "infringed, induced infringement of, and/or contributorily infringed" the patent "by making, using, selling, and/or offering for sale" goods or services "that embody the claimed inventions" in plaintiff's exclusive territories.

### II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a

complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

Defendants Wayne and Judy Lovelace move to dismiss plaintiff's claim against them, arguing that plaintiff fails to allege facts establishing that they were personally involved in the alleged infringement or that the corporate veil should be pierced.

The requirements for holding a corporate officer personally liable for patent infringement vary depending upon the theory of infringement: In order to hold a corporate officer personally liable for direct infringement under 35 U.S.C. § 271(a),

there must be evidence to justify piercing the corporate veil. <u>Manville Sales Corp. v. Paramount Sys., Inc.</u>, 917 F.2d 544, 552 (Fed. Cir. 1990); <u>Orthokinetics, Inc. v. Safety Travel Chairs, Inc.</u>, 806 F.2d 1565, 1579 (Fed. Cir. 1986). However, under 271(b), "corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil." <u>Global Traffic Technologies LLC v. Morgan</u>, No. 2014-1537, 2015 WL 3513416, at *10 (Fed. Cir. June 4, 2015) (internal quotations and citations omitted; emphasis in original).

Here, plaintiff alleges that the individual defendants induced infringement. Therefore the complaint sufficiently states a claim for which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Wayne and Judy Lovelace to dismiss [Doc. #136] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2015.